## Smith v. Allstate Insurance Co.

C.P. of Lancaster County, no. 98-09865.

*Craig A. Bernstein,* for plaintiffs.
*D. Holbrook Duer,* for defendant.

GEORGELIS, *J.,* November 17, 1998—Before me are the preliminary objections of the defendant, Allstate Insurance Company, to the plaintiffs' complaint. The objections raise the issue of an insured's standing to sue her automobile insurer for non-payment of first party benefits, where peer review has determined that

the treatment rendered was not reasonable and necessary. The objections will be overruled.

The plaintiff, Debra Smith, was injured in an automobile accident and was covered under an Allstate insurance policy issued to her husband. She was treated by Dr. William B. Kraft, a chiropractor, some of whose bills Allstate refused to pay, after a peer review determined that they were not reasonable and necessary.[1] Mrs. Smith and Dr. Kraft initiated this action seeking payment of the outstanding medical bills. Allstate's preliminary objections challenge Mrs. Smith's capacity to sue, pursuant to Pa.R.C.P. 1028(a)(5).

Allstate relies on *Kuropatwa v. State Farm Mutual Automobile Insurance Company,* 29 D.&C.4th 494 (Bucks Co. 1995), *aff'd,* 454 Pa. Super. 714, 685 A.2d 1050 (1996), *petition for allowance of appeal granted,* 547 Pa. 710, 692 A.2d 1097 (1997). First, I note that our Superior Court's decision in *Kuropatwa* was by way of a memorandum opinion, and the Superior Court has directed that its memorandum opinions are not to be considered as precedent and cannot be cited for any purpose. Because of this directive and in consideration of our Supreme Court's having granted allocatur, I will not rely on *Kuropatwa.* Furthermore, I believe

---

1. It appears that neither Mrs. Smith nor Dr. Kraft requested reconsideration of the peer review decision, although I believe that it can be reasonably assumed that they did not from the contents of their brief. They rely on *Terminato v. Pennsylvania National Insurance Company,* 538 Pa. 60, 645 A.2d 1287 (1994), in which our Supreme Court considered the failure to seek reconsideration of a peer review decision a key factor in its holding that an insured does not have to seek reconsideration of an adverse peer review decision before initiating an action in common pleas court. *Id.* at 71-72, 645 A.2d at 1293. Interestingly, neither party specifically states whether or not reconsideration was sought.

that *Kuropatwa* is factually distinguishable from the case before me, in that peer review reconsideration was requested by the provider of the medical services in that case.

As the plainitffs note, the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., provides:

"A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO." 75 Pa.C.S. §1797(b)(4).

In *Terminato v. Pennsylvania National Insurance Company,* 538 Pa. 60, 645 A.2d 1287 (1994), our Supreme Court, in addressing the issue whether an insured must seek reconsideration of an adverse peer review decision before initiating an action in common pleas court to recover medical benefits under an automobile insurance policy, held that the failure to seek such a reconsideration does not bar a common pleas action. *Id.* at 71-72, 645 A.2d at 1293. In so holding, the court held that an insurance commissioner's regulation which forecloses a party from pursuing an action in court without having sought reconsideration of a peer review decision can be disregarded. *Id.* The court used the word "party" and did not differentiate between an insured and his medical provider. I believe that *Terminato* is authority for Mrs. Smith's standing to sue in the case before me.

I conclude that the clear language of 75 Pa.C.S. §1797(b)(4) and the holding in *Terminato* require the overruling of Allstate's preliminary objections. Accordingly, I enter the following:

168

## ORDER

And now, November 17, 1998, for the reasons noted in the foregoing opinion, the preliminary objections of the defendant, Allstate Insurance Company, are overruled, and the defendant is directed to plead over to the complaint by December 4, 1998.